Kenneth BUSBY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14443.

Court of Criminal Appeals of Oklahoma. Feb. 7, 1968.

Rehearing Denied March 18, 1968.

Welch & Minter, Madill, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

### PER CURIAM:

Kenneth Busby, hereinafter referred to as defendant, was charged with the offense of Burglary in the Second Degree in the District Court of Bryan County, tried by a jury who found him guilty and thereafter a Motion for New Trial was filed by his attorney. Hearing was set on the Motion for New Trial and the defendant was afforded an opportunity to present testimony and offer argument in support of his Motion for New Trial, but none being offered in support thereof, the trial court pronounced judgment and sentence on the 26th day of June, 1967. A timely notice of appeal and request for case-made was duly filed in the trial court and thereafter counsel was permitted to withdraw from the case and the defendant employed the present counsel who perfected this appeal by filing Petition in Error with case-made attached in the Court on the 27th day of September, 1967. Briefs were not filed within the time prescribed by the rules of this Court, which time expired on the 27th day of October, 1967, nor was any valid extension requested for additional time within which to file a brief, and thereafter, on the 28th day of December, 1967, this cause was summarily submitted under the provisions of Rule 9 of this Court. Thereafter, on the 29th day of December, 1967, present counsel requested an order of this Court vacating the Order summarily submitting this cause for determination and requested additional time within which to submit affidavits of witnesses and jurors and additional time within which to submit a brief.

We observe that under the rules of this Court the time within which the brief should have been filed expired on the 27th day of October, 1967, and this cause was not summarily submitted until the 28th day of December, 1967, and that a timely request for extension of time within which to brief and offer supporting affidavits of witnesses and jurors was not filed prior to submission.

We observe further that prior to the rendition of judgment and sentence the defendant was afforded an opportunity to present testimony and argument in support of his Motion for New Trial, but declined to do so and did not request additional time in order to procure the testimony of witnesses and jurors in order that the trial court might intelligently rule on the Motion for New Trial. The case-made was served, signed, and settled on the 5th day of September, 1967, and the request to supplement the case-made by submitting additional affidavits comes too late. The proper method of preserving alleged errors occurring during the trial, is to preserve them in the case-made in the manner prescribed by law.

We are of the opinion that the request for an Order of this Court vacating the Order summarily submitting this cause should be, and the same is hereby Denied, and the request for additional time within which to submit affidavits of witnesses and jurors is accordingly DENIED.

■ This leads us to a consideration of the defendant's appeal. We have repeatedly held that when no briefs are filed in support of the petition in error, this Court will examine the records only for fundamental error. If none appears of record, the judgment will be affirmed.

■ We have carefully examined the record and are of the opinion that the defendant was afforded a fair and impartial trial and that the evidence is sufficient to support the verdict of the jury. The judgment and sentence is accordingly affirmed.